FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 31 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

SHAWN NEWLAND,

                       Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CR-0287-17 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 15, 2015, the United States filed a seventy-five count Superseding Indictment against twenty-three defendants, including Shawn Newland ("Defendant"). On June 23, 2016, Defendant pleaded guilty to Count One, Racketeering Acts Sixty through Sixty-Two, of the Superseding Indictment. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 24 months of incarceration, 3 years of supervised release, and payment of restitution, a forfeiture money judgment of $1,000,000.00, and a $100.00 special assessment.

## BACKGROUND

On July 15, 2015, the United States filed a seventy-five count Superseding Indictment against twenty-three defendants, including Shawn Newland ("Defendant"). *See* Superseding Indictment, ECF No. 48. On June 23, 2016, Defendant pleaded guilty to Count One, Racketeering Acts Sixty through Sixty-Two, of the Superseding Indictment. *See* Plea Agreement ¶ 1, ECF No. 323.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range,

the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now twenty-two years old, was born in Brooklyn, New York on March 4, 1995. Presentence Investigation Report ("PSR") ¶ 38, ECF No. 371. After his parents divorced in 1999, Defendant was raised by his mother in a low-income household in Brooklyn, but he saw his father approximately twice each month. *Id.* ¶¶ 38, 41. Defendant maintains close relationships with both of his parents as well as his six half-siblings. *Id.* ¶¶ 38, 40, 41.

Defendant was a good student in elementary and junior high school, but he began to "associat[e] with the wrong crowd" in high school, becoming a truant and getting involved in crime. *Id.* ¶ 39. In 2009, at the age of fourteen, Defendant was charged with grand larceny in

2

the fourth degree and adjudicated a juvenile delinquent. *Id.* ¶ 30. From 2009 through 2012, Defendant attended William E. Grady High School in Brooklyn, *id.* ¶ 55, and he was employed at a hair salon packing merchandise for shipment from 2011 until 2012, when he was laid off due to a work shortage, *id.* ¶ 60.

In 2011, at the age of sixteen, Defendant became romantically involved with Shanze Lincoln, who his mother described as a "bad influence," and with whom he now has a child. *Id.* ¶¶ 39, 42. Consistent with his mother's concerns, Defendant reports that he began smoking marijuana around this time, *id.* ¶ 50, and withdrew from school for approximately eight months from 2012 to 2013 because he was "running the streets," *id.* ¶ 55. In 2012, Defendant began a relationship with Melesha Lewis, with whom he also now has a child. *Id.* ¶ 43. During his period of truancy in 2013, Defendant and a group of others were arrested for displaying what appeared to be a firearm and taking a victim's backpack, sweaters, keys, and earring. *Id.* ¶ 31. Defendant pleaded guilty to petit larceny and was adjudicated as a youthful offender. *Id.*

From 2013 to 2014, Defendant returned to school and completed the eleventh grade at W.E.B. DuBois Academic High School in Brooklyn, which he transferred to because it was closer to his home than his previous school. *Id.* ¶¶ 54, 55. Defendant also worked at his mother's company cleaning office buildings until 2014, when he was laid off due to poor performance. *Id.* ¶ 59. Later that year, Defendant's mother, with whom he had been living, left Brooklyn and moved to Toronto, Canada. *Id.* ¶ 44; Sentence Recommendation at 2, ECF No. 371-1. Having lost his job and home, Defendant applied for government aid in rental assistance and was placed in a housing shelter in the Bronx, where he lived with and helped to support Ms. Lincoln and their child until he was arrested in 2015. PSR ¶ 44. Prior to his arrest, Defendant also helped to provide financial support for his child with Ms. Lewis. *Id.* ¶ 43.

3

In or around 2014, Defendant became a member of the gang Eight Trey and an associate of the Outlaw Gangsta Crips ("OGC"). *Id.* ¶¶ 1, 12. The OGC was a gang comprised primarily of individuals residing in and around the East Flatbush neighborhood of Brooklyn and was a subgroup of the Crips gang. *Id.* ¶ 4. Members and associates of OGC have engaged in drug trafficking, fraud, firearms trafficking, promoting prostitution, and acts of violence, including murder, attempted murder, robbery, and assault. *Id.* The purposes of OGC included enriching the gang; promoting and enhancing the gang's prestige, reputation, and position among rival gangs; preserving and protecting the gang's power, territory, and criminal ventures; maintaining fear of the gang in their victims and rivals; and concealing the gang's criminal activity from law enforcement. *Id.* ¶ 5.

Throughout 2014 and the first half of 2015, Defendant and other associates and/or members of the OGC used fraudulent checks to commit bank fraud. *Id.* ¶¶ 1, 7-10, 12. After obtaining legitimate checks from co-conspirators, Defendant and others would create fraudulent checks bearing the same account and routing numbers. *Id.* ¶ 8. The fraudulent checks, which appeared to be issued by legitimate businesses, would be deposited into the bank accounts of unindicted co-conspirators via ATMs, *id.*, whereupon the banks would make a portion of the deposited money immediately available for withdrawal, *id.* ¶ 9. Using their co-conspirator account-holders, Defendant and others would then withdraw the available money, usually hundreds of dollars at a time, which represented fraudulently obtained funds. *Id.* ¶ 9. Once the banks or purported check writers identified the deposits as fraudulent, the banks would assume the loss on behalf of the defrauded check writers. *Id.*

As part of the scheme, Defendant and others defrauded several banks throughout New York City and elsewhere, including Bank of America (Racketeering Act 60), JPMorgan Chase

4

(Racketeering Act 61), and Citibank (Racketeering Act 62). *Id.* ¶¶ 1, 10, 12. The total loss to the victim banks exceeded $550,000.00. *Id.* ¶ 10, 12.

Defendant was arrested in Brooklyn on July 22, 2015. *Id.* ¶ 12. During his incarceration, Defendant has obtained his high school equivalency degree and has been working in the food services department at the Metropolitan Detention Center. *Id.* ¶¶ 53, 57.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's crime both defrauded banks and helped to fund unlawful gang activity. The Court's sentence recognizes the seriousness of this offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and encourage him to sever his ties to Eight Trey and the OGC. In a more general way, the Court's sentence sends a message to other gang members that a life of crime carries a risk of punishment that outweighs any potential gains. Finally, it also considers Defendant's young age, need to support his young family, and desire to pursue a college education.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d), for which he faces a maximum term of imprisonment of twenty years. *See* 18 U.S.C. § 1963(a). Defendant also faces a maximum term of supervised release of three years, *id.* § 3583(b)(2); probation of not less than one nor more than five years, *id.* § 3561(c)(1); a maximum fine of $250,000.00, *id.* § 3571(b)(3); restitution in an amount to be determined, *id.* § 3663A; and a special assessment of $100.00, *id.* § 3013. Under the plea agreement, Defendant faces a forfeiture money judgment of $1,000,000.00. *See* Plea Agreement ¶¶ 6-13.

### D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2E1.1 applies to violations of 18 U.S.C. § 1962(d) and directs the Court to apply Guidelines § 2B1.1 for the underlying 18 U.S.C. § 1344 offense. *See* United States Sentencing Commission, *Guidelines Manual*, § 2E1.1 (Nov. 2015) ("USSG"). Guidelines § 2B1.1 sets a base offense level of six. *See* USSG § 2B1.1(a)(1). Because Defendant is accountable for a loss exceeding $550,000.00, fourteen levels are added. *Id.* § 2B1.1(b)(1)(H). Defendant's acceptance of responsibility by pleading guilty, however, permits a three-level reduction. *Id.* § 3E1.1(a),(b). Accordingly, Defendant's total offense level is seventeen.

Defendant's prior adult conviction for petit larceny provides for a criminal history score of one, which corresponds to a criminal history category of one. *Id.* ch. 5, pt. A.

With a total offense level of seventeen and a criminal history category of one, the Guidelines suggest a term of imprisonment of between twenty-four and thirty months. *Id.*

6

Defendant also faces a term of supervised release of one to three years, *id.* § 5D1.2(a)(2); a fine of between $5,000.00 and $50,000.00, *id.* § 5E1.2(c)(3), (h)(1); and payment of the costs of prosecution, *id.* § 5E1.5. The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1 cmt. n.2.

The U.S. Probation Department recommends a sentence of twenty-four months of imprisonment followed by three years of supervised release with special conditions, noting that a sentence at the bottom of the advisory Guidelines range is viewed as sufficient in this case. *See* Sentence Recommendation at 2. Defense counsel also seeks a sentence of twenty-four months of imprisonment to punish Defendant for his crimes but permit him to fulfill his goals of becoming a productive citizen, enrolling in a college and training program, and providing for his young family. *See* Def.'s Sentencing Mem. at 3, 10, ECF No. 377. Counsel further notes Defendant has learned from his past mistakes, matured, and renewed his commitment to turning his life around while in custody, as evidenced by his obtaining his high school equivalency diploma and maintaining a job in food services. *See id.* at 3-4, 10. In addition, counsel's sentencing memorandum includes letters of support from Defendant's mother, sister, brother, cousin, aunt, and godmother, as well as numerous friends and neighbors. *See id.* Ex. 2-4. The government requests a sentence within the advisory Guidelines range of twenty-four to thirty months. Gov't Sentencing Mem. at 1, ECF No. 391.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not relevant to Defendant's sentencing.

## F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant is the third to be sentenced of twenty-three defendants in this case, and the Court will craft a unique sentence for each defendant. For the reasons stated in this memorandum and order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

## G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is required under the Mandatory Victim Restitution Act of 1996. *Id.* § 3663A. The victim banks have not yet submitted affidavits of loss, however, so the specific amounts owed to the individual victims is currently unknown. *See* PSR ¶ 78. The Court will consider any Affidavits upon their submission.

## CONCLUSION

A sentence of 24 months of incarceration, to be followed by 3 years of supervised release, as well as payment of restitution in an amount to be determined, a forfeiture money judgment of $1,000,000.00, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2017
      Brooklyn, New York